UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH B., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20-cv-7729 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Deborah B.[1] ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under the Social Security Act. The Parties have filed cross motions for summary judgment.[2] For the reasons detailed below, Plaintiff's Motion for Summary Judgment (dkt. 15) is GRANTED and the Commissioner's motion (dkt. 18) is DENIED. The case is remanded for further proceedings consistent with this opinion.

1. **Background**

Plaintiff's claims for both Disability Insurance Benefits and Supplemental Security Income were denied initially and upon reconsideration. (Administrative Record ("R.")16.) Subsequently, a January 24, 2020 Administrative Hearing was held before an Administrative Law Judge ("ALJ"). (R. 51-148.) A Vocational Expert ("VE") testified at that hearing. (R. 116-147.) The VE identified jobs that exist in significant numbers in the national economy Plaintiff can perform given her age, education, work experience, and residual functional capacity. (R. 123.) The VE affirmed that all

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] The Court has construed "Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security" (dkt. 15) as a motion for summary judgment.

jobs she identified (and which the ALJ adopted) were at least Reasoning Level 2 jobs meaning "applying common-sense understanding to carrying out detailed but uninvolved written or oral instructions; deal with problems involving a few concrete variables, entered from standard situations." (R. 133.) The VE confirmed that if a person did not have this reasoning level, the jobs would be unavailable. (R. 134.) The ALJ issued an unfavorable February 19, 2020 decision, limiting Plaintiff to simple work, adopting the VE's proffered representative occupations and, ultimately, finding Plaintiff not disabled. (R. 16-32.) Plaintiff requested and was denied Appeals Council review (R. 1-4), causing the ALJ's February 19, 2020 decision to constitute the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see, also,* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff now seeks review of the Commissioner's decision. (Dkt. 1.)

2. **Social Security Regulations and Standard of Review**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

3. **Discussion**

While an ALJ need not address every piece of evidence in the record in front of them, the Seventh Circuit has instructed that an ALJ "must confront the evidence that does not support his conclusion and explain why it was rejected." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir.

2004); *see*, *also*, *Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018) (ALJ not permitted to cherry-pick evidence to support their conclusions without engaging with the evidence that weighs against their findings). Plaintiff has alleged that the ALJ impermissibly erred by failing to confront opinion evidence from Agency experts that Plaintiff was limited to one-to-two step tasks. (Dkt. 15, pp. 9-11.) The Court agrees.

Both Agency experts, Dr. Jeanne Yakin, PhD and Dr. Steven Fritz, PsyD, opined that Plaintiff was limited to one-to-two step tasks. (R. 160, 194.) The ALJ found these expert opinions "somewhat" persuasive because she determined that evidence admitted into the record after their review demonstrated that Plaintiff's mental condition was more severe than they had opined, warranting additional limitations. (R. 29.) Yet the ALJ did not explain the incongruity between finding that the record supported that Plaintiff's mental condition was more severe than the opinions from Drs. Yakin and Fritz but then not finding Plaintiff at least as limited as they concluded. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (decision cannot be upheld where ALJ fails to build logical bridge between facts of the case and the outcome, due to contradictions or missing premises). "The ALJ was not required to accept the Agency doctors' opinions, but [s]he was required to – and did not – explain why [s]he adopted some of their findings and rejected others." *Diaz v. Berryhill*, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017).

This omission is crucial because the limitation to one-to-two step tasks is more restrictive than just the limitation to simple work found by the ALJ. Specifically, "there is a significant difference between one- to two-step tasks and simple, routine, repetitive tasks." *Schlattman v. Colvin*, 2014 WL 185009, *7 (N.D. Ill Jan. 14, 2014). "One- to two-step tasks function as a term of art in the Social Security context: the Department of Labor's Dictionary of Occupational Titles ("DOT") defines a Reasoning Development Level of 1 as the ability to '[a]pply commonsense understanding to carry out simple one- or two-step instructions.'" *Schlattman*, 2014 WL 185009 at *7.

3

Accordingly, a limitation to one or two step work restricts the person to a Level 1 Reasoning job under the DOT, whereas simple work may also include Reasoning Level 2 or higher.[3] *See id*. However, all jobs cited by the VE have a Reasoning Level of at least 2 and, therefore, would be precluded by the limitation to one-to-two step work. (R. 122-23.) As it is the Commissioner's burden to produce reliable evidence of a significant number of jobs existing in the national economy for a person matching the claimant's vocational profile to support a finding that the claimant is not disabled, *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001), the Court finds the ALJ's decision lacks the requisite substantial support because the ALJ failed to address this limitation from her own experts which precludes *all* the representative jobs.[4] *Perry v. Colvin*, 945 F. Supp. 2d 949, 964 N.D. Ill. 2013) (one- and two-step task limitation "translates to Reasoning Level 1"); *see*, *also*, *Martinez v. Berryhill*, 2018 WL 2984829, *3 (N.D. Ill. June 14, 2018) ("ALJ restricted Plaintiff to 'simple, routine tasks' without explaining his reason for omitting the one- to two-step limitation [recommended by Agency reviewers]…this situation demands remand so that the ALJ can either adopt the limitation or explain his decision not to do so."); *Tincher v. Colvin*, 2015 WL 4253632, *6 (N.D. Ill. July 14, 2015) (one-to-two-step work corresponds with Reasoning Level 1 – not Reasoning Level 2); *Wyatt v. Colvin*, 2015 WL 3919058, *8 (N.D. Ill. June 24, 2015) (discussing how several courts have found one-to-two-step limitation restricts claimant to Reasoning Level 1; remanding because of uncertainty whether claimant could perform jobs relied upon). Because the ALJ's decision lacks substantial support, the Court cannot uphold on this basis; remand is required.

While the instant decision is a far cry from declaring Plaintiff disabled (and she may have a hard hill to climb in this respect), the Court cannot ignore the ALJ's failure to address the one-to-

---

[3] Curiously, during the Administrative Hearing, the ALJ stated the one-to-two step limitation was not meaningful to her. (R. 132.)

[4] The Commissioner does not dispute that a one-to-two step limitation, as found by the Agency reviewers, restricts Plaintiff to Reasoning Level One and, thus, precludes the jobs cited by the ALJ. (*See* dkt. 19, p 9; dkt. 20, fn. 5.)

two step task limitation (for which there is support in the record), which would eliminate all the proffered jobs that exist in a "significant number"[5] in the national economy that Plaintiff could perform.

**4.    Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's Motion for Summary Judgment (dkt. 15) is GRANTED and the Commissioner's motion (dkt. 18) is DENIED. The case is remanded for further proceedings consistent with this opinion.

Entered: 4/29/2022

Susan E. Cox,
United States Magistrate Judge

---

[5] The Court is not convinced that 47,000 jobs nationwide (.03% of jobs nationwide) would satisfy the Commissioner's burden of demonstrating the existence of a significant number of jobs, but the Court need not reach this issue due to remanding based on the failure to address the one-to-two step task limitation.